# Richmond.

### RUSSELL AND OTHERS v. ALLMOND.

#### JANUARY 16, 1896.

1. EJECTMENT—*Legal Title and Right to Possession—Case at Bar.*—As a general rule, the plaintiff in an action of ejectment must show a legal title in himself, and a present right to the possession under it at the time of the demise laid in the declaration. In the case at bar the general rule applies.

Error to a judgment of the Circuit Court of Gloucester county, rendered November 14, 1892, in an action of eject-ment, wherein the plaintiffs in error were the plaintiffs, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*L. B. Allen,* for the plaintiffs in error.

*J. N. Stubbs* and *Maryus Jones,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Gloucester county, in an action of ejectment brought to recover a tract of ninety-one acres of land, with improvements thereon, in the possession of the defendant in error, W. W. Allmond; the verdict and judgment being for the defendant.

The facts, so far as they need be stated here, and as shown at the trial in the lower court, are as follows :

Robert P. Russell owned and occupied the land in controversy in the year 1850, and between 1850 and the 12th of March, 1853, conveyed it by two deeds, in trust, to secure the payment of certain debts of the grantor Russell; M. W. Seawell being the trustee in one of these deeds, and perhaps the other, though it does not clearly appear who was the trustee in the second deed. On March 12th, 1853, Russell conveyed this land, with the personal property thereon, to R. A. Barron, in trust, for the benefit of the grantor's wife and his four children named in the deed. This deed contains this special provision :

"But this conveyance is made subject to the debts due from the said Robert P. Russell to William H. and T. B. Rowe, and to Richard Barron, the same being secured by two deeds of trust executed by the said Robert P. in their favor, and now of record in the clerk's office of said county, the said trust deeds being here referred to for information as to the amount of said debts; and also subject to a debt due from the said Robert P. to M. B. Seawell, now due, amounting to the sum of forty dollars ; and subject only to the payment of the debts above mentioned, this conveyance is upon the special trust," &c.

Then follows the trust upon which the trustee, R. A. Barron, was to hold the property, viz., for the sole and separate use of Mary Ann Russell (wife of the grantor) and her children then in existence, and which might be born thereafter, using, cultivating, and managing the same in such manner as he, the trustee, might think most conducive to the welfare of the said Mary Ann and her family, always regarding the wishes of the latter in the management thereof, &c. At the death of the grantor's wife, the property was to be equally divided among all the children she might leave, and the de-

scendants, if any, of such as may have died before her, the descendants to take the portion to which their deceased parents would have been entitled. In 1854 Seawell, the trustee in the deed to secure W. H. and T. B. Rowe, being required to do so, sold the land, and at this sale the two Rowes and R. A. Barron & Bro. became the purchasers, but afterwards R. A. Barron bought out the interest of all the other parties, and paid the amount due to the Rowes, about $1,200, with the exception of $440, for which he executed his bond to them, they to retain their lien on the land till the bond was paid, when Seawell, trustee, was to convey the land to Barron. In 1857 Mary Ann Russell, who did not sign the deed of March 12, 1853, (if she signed the trust deeds referred to therein,) sold her interest in the land to Barron for $1,300, but it seems that of this amount Barron was allowed to retain $800, to be applied to the debts of R. P. Russell, due to Rowe and others, mentioned in the deed of March 12, 1853, and at that time Barron took possession of the land, and held the possession until 1867, when he sold and conveyed it to W. W. Allmond, defendant in error ; Allmond at the same time executing a deed of trust on the land to secure the unpaid purchase money, and, taking possession of the land, made improvements aggregating $20,000 in value, and remained in undisturbed possession up to the institution of this suit. Of the four children of Mary Ann Russell, John S. and Mary Frances Russell died before their mother, leaving no issue. Robert H. Russell died before his mother, leaving four children, viz., W. B. Russell, Gertrude Borges, Daisy M. Russell, and Henry B. Russell, who, with J. P. Russell, the surviving child of Mary Ann Russell, bring this suit ; Mary Ann Russell having died in 1890, and this suit having been brought in April, 1891. In 1868 W. H. and T. B. Rowe instituted a suit in chancery in the Circuit Court of Gloucester county against Richard A. Barron, W. W. Allmond, and M. B. Sea-

well in his own right, and as assignee in bankruptcy of the
said R. A. Barron, wherein they set forth the original deed
of trust to secure them the debt due by R. P. Russell, the
sale under the deed of trust by Seawell, trustee, and the pur-
chase of the land by Barron, as before stated; that they had
obtained judgment on the note given to Barron for the pur-
chase money, which they claimed was a lien upon the land
in the possession of Allmond, as was the original trust deed,
which had only been partially executed by Seawell, trustee.
Whereupon defendant in error, W. W. Allmond, in order to
quiet his title, also filed his bill of complaint in the Circuit
Court of Gloucester county against R. A. Barron and wife,
and M. B. Seawell, who was named as trustee also in the deed
executed by Allmond to secure Barron, wherein he sets out
that he was wholly unaware of the liens upon the land as-
serted in the suit brought by the Rowes, as well as of other
judgment liens that had since come to his knowledge, the
records of the clerk's office of Gloucester county having been
almost entirely destroyed during the late war, and prayed the
court to allow him to pay into court the purchase money due
by him to Barron, and to be by the court applied to the dis-
charge of the liens upon the land conveyed to him by Barron
and wife. These two chancery suits were heard together,
and, under the decree of the court, the money due by All-
mond was collected and applied to the discharge of the debts
of R. P. Russell secured on the land, and to debts due by
R. A. Barron, which had become liens upon the land before
he conveyed it to Allmond, and a deed of conveyance of the
land was made by M. B. Seawell, trustee, and as a special
commissioner of the court for the purpose, to Allmond, the
defendant in error, on the 14th day of February, 1875.

From this statement of facts it becomes wholly unnecessary
for us to consider the several assignments of error contained
in the petition, for the plaintiffs in error could not, in any

event, recover in this action, as they did not have the legal title to the land in question, and a present right of possession under it, at the time of the commencement of the action. We are of opinion that the case is controlled by the decision of this court in *Suttle* v. *R., F. & P. R. R. Co.,* 76 Va. 284. The opinion of the court in that case, delivered by Judge Staples, and characterized by that clearness and force always found in opinions prepared by him, reviews all the authorities applicable to the case, and, after stating all the exceptions to the rule, says: "Subject to the exceptions (the case at bar coming under none of them), the doctrine, as generally understood in Virginia, is that in ejectment the plaintiff must show a legal title in himself, and a present right to the possession under it, at the time of the demise laid in the declaration." See also 2 Greenleaf on Ev. (15th ed.), sec. 304; 1 Lomax Dig., 323; Newell on Ejectment 287, sec. 5, and cases cited.

The judgment of the Circuit Court is affirmed.

*Affirmed.*